UNITED STATES DISTRICT COURT
For the Northern District of California

1
2
3
4
5
6
7

8              UNITED STATES  DISTRICT COURT

9               Northern District of California

10                    Oakland Division

11   LEHMAN BROTHERS HOLDINGS INC,            No. C 11-00838 LB

12                     Plaintiff,             **ORDER THAT CASE BE
                                              REASSIGNED TO A DISTRICT**
13       v.                                   **COURT JUDGE**

     PREFERRED FINANCIAL GROUP INC,
14                                            **REPORT AND RECOMMENDATION**
                      Defendant.
15   _____/        [ECF No. 9]

16                    **I. INTRODUCTION**

17       The court recommends granting default judgment in favor of Plaintiff Lehman Brothers Holding,

18   Inc. ("Lehman"), which sued Defendant Preferred Financial Group, Inc. ("Preferred Financial") for

19   breach of contract and breach of express warranty based on Preferred Financial's alleged failure to

20   repurchase two mortgage loans for which the borrowers failed to make payments.  *See* Complaint,

21   ECF No. 1 at 2, ¶ 4.[1]  The court finds that (A) Lehman established subject matter and personal

22   jurisdiction, (B) the factors in *Eitel v. McCool* favor entry of default judgment, and (C) the general

23   damages are reasonable and appropriate.  Therefore, the court recommends that Lehman's motion

24   for default judgment be granted and that the court award $329,918.82 in repurchase price damages

25   and $62,690.48 in prejudgment interest.  Because the defendant has not appeared and thus has not

26   consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c), this matter should be reassigned

27

28          [1]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page
     number at the top of the document, not the pages at the bottom.

1   to a district judge with this recommendation for default judgment.

## II. FACTS

On August 8, 2001 and August 17, 2004, Preferred Financial Group entered into a written Loan Purchase Agreement (the "Agreement")  with Lehman Brothers Bank, FSB ("LBB").  Complaint, ECF No. 1 at 3, ¶ 10.  The Agreement specifically incorporates the terms and conditions of the Seller's Guide of Lehman's agent, setting forth additional duties and obligations of Preferred Financial.  *Id.*  Preferred Financial sold a number of mortgage loans to LBB under the Agreement and Seller's Guide, including the loans at issue.  *Id.* at 3, ¶ 12.  The loans at issue then were sold to Lehman and all of LBB's rights and remedies under the Agreement and Seller's Guide were assigned to Lehman with respect to these loans.  *Id.* at 4, ¶¶ 13-14.

Preferred Financial breached the Agreement for loan ****0578 by concealing the borrower's five other mortgages, which misrepresented the borrower's debt in violation of sections 703(1) and 703(12) of the Seller's Guide.  *Id.* at 5, ¶ 19.  Preferred Financial breached the Agreement for loan ****3651 because the loan application misstated the borrower's income as $9,680.00 per month when it actually was $3,600, misrepresented the borrower's intention to occupy the subject property as her primary residence, and failed to disclose two mortgages for another property.  *Id.* at 6, ¶ 20.

In the event of a breach, pursuant to the Agreement and Seller's Guide, Lehman may demand that Preferred Financial repurchase the loans at certain repurchase prices or indemnify Lehman for its losses on the loans.  *Id.* at 6, ¶ 21.  In May 2010, Lehman informed Preferred Financial of the material breaches and demanded that Preferred Financial repurchase the loans.  *Id.* at 6, ¶ 22; Exh. F, ECF No. 9-7 at 2.  Preferred Financial refused.  *Id.* at 6, ¶ 23.

On February 23, 2011, Lehman filed its complaint.  ECF No. 1.  On March 3, 2011, it personally served the complaint and summons on Preferred Financial's president and agent for service of process.  ECF No. 6.  On March 25, 2011, Lehman filed a motion for entry of default.  ECF No. 7. It served these papers on Preferred Financial's agent via mail the same day.  *Id.* at 3.  The clerk of the court entered default in Lehman's favor on March 28, 2011.  ECF No. 8.

On May 10, 2011, Lehman filed its motion for default judgment.  ECF No. 9.  Lehman requests $382,684.62 in damages and pre-judgment interest.  *Id.* at 5.  Preferred Financial has not appeared in

UNITED STATES DISTRICT COURT
For the Northern District of California

1  the case.

2     The court has considered the party's papers, relevant legal authority, and the record in this case,

3  and finds this matter suitable for disposition without oral argument.  *See* N.D. Cal. Civ. L.R. 7-1(b).

4  The court vacates the hearing set for August 4, 2011 and issues this report and recommendation.

5                                    **III.  DISCUSSION**

6  **A.  Subject Matter and Personal Jurisdiction**

7     Before entering default judgment, a court must determine whether it has subject matter

8  jurisdiction over the action and personal jurisdiction over the defendant.  *See In re Tuli*, 172 F.3d

9  707, 712 (9th Cir. 1999).

10    **1.  Subject Matter Jurisdiction**

11    The court has diversity jurisdiction under 28 U.S.C. § 1332 because Lehman is a Delaware

12 corporation with its principal place of business in New York, Preferred Financial is a California

13 corporation, and the amount in dispute exceeds $75,000.  Complaint, ECF No. 1 at 1-3,  ¶¶ 1, 5, 7.

14    **2.  Personal Jurisdiction**

15    Where, as here in this diversity action, there is no applicable federal statute governing personal

16 jurisdiction, the district court applies the law of the state in which the district court sits. See Fed. R.

17 Civ. Pro. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  The

18 court has jurisdiction because Preferred Financial is a California corporation.  *See* Cal. Code Civ. P.

19 § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the

20 Constitution of this state or of the United States").

21 **B.  Default Judgment**

22    Under Federal Rule of Civil Procedure 55(b)(2), a plaintiff may apply to the district court for –

23 and the court may grant – a default judgment against a defendant who has failed to plead or

24 otherwise defend an action.  Default judgments generally are disfavored because "cases should be

25 decided on their merits whenever reasonably possible."  *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th

26 Cir. 1986).

27    The court must consider the following factors when deciding whether to use its discretion to

28 grant a motion for default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

C 11-00838 LB
REPORT AND RECOMMENDATION                3

1  plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in

2  the action; (5) the possibility of a dispute about the material facts; (6) whether the default was due to

3  excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure

4  favoring decisions on the merits. *Id.* at 1471-72.  The factors here favor entry of default judgment

5  against Preferred Financial.

6  **1. Merits and sufficiency of complaint (prongs two and three of *Eitel* test)**

7  After entry of default, well-pleaded allegations in the complaint regarding liability and entry of

8  default are taken as true, except as to the amount of damages. *See Fair Housing of Marin v. Combs*,

9  285 F.3d 899, 906 (9th Cir. 2002).  The court is not required to make detailed findings of fact.  *Id.*

10  Here, Lehman asserts two claims: (1) breach of contract and (2) breach of express warranty.  The

11  court analyzes these claims under New York state law because the Seller's Guide provides that it is to

12  be construed in accordance with New York state law.  Exh. A, Baker Decl., ECF No. 9-2 at 23; ; *see*

13  *Lehman Bros. Holding, Inc. v. IZT Mortg., Inc.*, No. C–09–4060 EMC, 2011 WL 2313601, at *3

14  (N.D. Cal. June 9, 2011).

15  *a. Breach of contract claim*

16  "Under New York law, a breach of contract claim requires proof of (1) an agreement, (2)

17  adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer &*

18  *Mandell LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).  Lehman pled that: (1) Preferred

19  Financial entered into the Agreement with LBB, which subsequently assigned its rights and remedies

20  under the Agreement to Lehman, ECF No. 9 at 3-4, ¶¶ 10, 14; (2) the Lehman entities substantially

21  performed their obligations under the Agreement, ECF No. 9 at 3, ¶ 12; (3) Preferred Financial

22  breached the Agreement for loan ****0578 by concealing the borrower's five other mortgages,

23  which misrepresented the borrower's debt in violation of sections 703(1) and 703(12) of the Seller's

24  Guide, *id.* at 5, ¶ 19; (4) Preferred Financial breached the Agreement for loan ****3651 because the

25  loan application misstated the borrower's income as $9,680.00 per month when it actually was

26  $3,600, misrepresented the borrower's intention to occupy the subject property as her primary

27  residence, failed to disclose two mortgages for another property, *id.* at 6, ¶ 20; (5) Preferred Financial

28  breached the Agreement by refusing to repurchase the loans or indemnify Lehman for its losses on

UNITED STATES DISTRICT COURT
For the Northern District of California

1   the loans, *id.* at 6-7, ¶ 23; and (6) Lehman suffered losses due to Preferred Financial's refusal to

2   honor its obligations under the Agreement, *id.* at 7, ¶ 24.

3       Accordingly, the court finds that Lehman has sufficiently alleged in its complaint a breach of

4   contract.  *See IZT Mortg., Inc.*, 2011 WL 2313601, at *4.

5           *b.  Breach of Express Warranty*

6       Under New York law, a claim for breach of an express warranty requires a plaintiff to show the

7   following elements: "(1) plaintiff and defendant entered into a contract; (2) containing an express

8   warranty by the defendant with respect to a material fact; (3) which warranty was part of the basis of

9   the bargain; and (4) the express warranty was breached by defendant." *Promuto v. Waste Mgmt.,*

10  *Inc.*, 44 F.Supp.2d 628, 642 (S.D.N.Y. 1999).  Lehman's allegations, as discussed in the preceding

11  section, also sufficiently allege the facts necessary to establish a breach of an express warranty claim.

12  *See IZT Mortg., Inc.*, 2011 WL 2313601, at *4.

13      Because Lehman adequately pled both a claim for breach of contract and a claim for breach of an

14  express warranty, the second and third *Eitel* factors weigh in favor of default judgment.

15      **2.   The Remaining *Eitel* Factors**

16      The remaining *Eitel* factors, on balance, also weigh in favor of granting default judgment.

17      *a. Possibility of prejudice to plaintiff.*  If the motion is not granted, Lehman has no recourse for

18  recovery. Accordingly, the first *Eitel* factor favors granting default judgment.  *See id.* at *3.

19      *b. Possibility of dispute concerning a material fact.*  Preferred Financial never answered the

20  complaint and so there is no information that there might be a disputed issue of material fact.  But the

21  issues are straightforward and the possibility for substantial fact disputes is unlikely.  *See Lehman*

22  *Bros. Holdings, Inc. v. Valley Vista Mortg., Inc.*, No. 3:11–cv–00213 AJB (JMA), 2011 WL

23  2693509, at *1 (S.D. Cal. July 11, 2011).

24      *c. Excusable Neglect.*  There is no suggestion of excusable neglect.

25      *d. Sum of money at stake in the action.*  When the money at stake in the litigation is substantial or

26  unreasonable in relation to the seriousness of the defendant's conduct, default judgment is

27  discouraged.  *See Eitel*, 782 F.2d at 1472 (three- million dollar judgment, considered in light of

28  parties' dispute as to material facts, supported decision not to enter summary judgment).  Lehman

1    claims that it is owed $382,684.62 in damages and prejudgment interest.  Motion, ECF No. 9 at 5.

2    Lehman argues that this amount is reasonable in relation to the millions of dollars of loans originated

3    by Preferred Financial.  *Id.* at 3.  The court finds that this amount is reasonable in light of the

4    contracts, which reflect the intent and agreement of both parties.  *See IZT Mortg., Inc.*, 2011 WL

5    2313601, at *6 (awarding $289,791.85 in damages and $70,602.48 in prejudgment interest in a

6    similar case).  Thus, this factor does not disfavor default judgment.

7        *e. Strong policy in Federal Rules favoring decisions on merits.*   Despite the policy of favoring

8    decisions on the merits, default judgment is appropriate when a defendant refuses to litigate a case.

9    Fed. R. Civ. P. 55(b).

10   **C. Damages**

11       Lehman requests $382,684.62 in damages and pre-judgment interest through April 10, 2011, as

12   well as post-judgment interest.  Motion, ECF No. 9 at 5.  "Plaintiff has the burden of proving

13   damages through testimony or written affidavit."  *Board of Trustees of the Boilermaker Vacation*

14   *Trust v. Skelly, Inc.*, 389 F.Supp.2d 1222, 1226 (N.D. Cal. 2005).

15       Lehman argues that the repurchase price of each loan should be calculated according to a formula

16   set forth in the Seller's Guide.  Exh. B, ECF No. 9-3 at 10.  The formula sets damages at the amount

17   that LBB paid for the loans plus accrued interest due and expenses incurred in servicing the loan,

18   foreclosing upon it, or protecting Lehman's interest in the collateral, less amounts Lehman received

19   from payments on the loans or proceeds of their disposition or sale.  *Id.*  Under New York law,

20   prejudgment interest is a part of damages in a breach of contract case.  N.Y.C.P.L.R. §§ 5001(a),

21   5002.  The statutory rate is nine percent per year.  *Id.* § 5004.  Interest is computed from the earliest

22   ascertainable date the cause of action existed.  *Id.* § 5001(b).

23       In support of its motion, Lehman provided a declaration from an employee, John Baker, who

24   explained Lehman's calculations, which are filed as Exhibit G at ECF No. 9-8 at 1-3.  Baker Decl.,

25   ECF No. 9-1 at 1-7.  Baker stated that the information in the spreadsheet comes from Lehman's

26   business records, which also were provided.  *Id.* at 2-3, ¶ 5.

27       The court reviewed the calculations and found that the actual amount of repurchase price damages

28   is $329,918.82 and not the $374,058.27 claimed by Lehman.  However, the prejudgment interest

UNITED STATES DISTRICT COURT
For the Northern District of California

1    (from the date of the breaches to April 10, 2011) on the two loans totals $52,765.80, which results in

2    a total of $382,684.62 (or the amount requested by Lehman) when added to the $329,918.82 in

3    repurchase price damages.  Thus, under the terms of the Agreement and Seller's Guide, Lehman may

4    recover $329,918.82 in repurchase price damages and $52,765.80 in prejudgment interest as

5    calculated through April 10, 2011.  The court recommends awarding $62,690.48 in prejudgement

6    interest.  This amount was calculated by applying 9% interest to the repurchase price damages from

7    the date of the breaches through August 10, 2011, which is the date by which the parties have to file

8    objections to this report and recommendation.

9        Lehman also requests post-judgment interest pursuant to 28 U.S.C. § 1961.  Motion, ECF No. 9 at

10   5.  Section 1961 states, "Interest shall be allowed on any money judgment in a civil case recovered in

11   a district court."  28 U.S.C. § 1961(a).  The court recommends approving the request.  *See Valley*

12   *Vista Mortg., Inc.*, 2011 WL 2693509, at *2.

### V. CONCLUSION

14       Because all parties have yet to consent to the undersigned's jurisdiction, the court **ORDERS** that

15   this case be reassigned to a district court judge.

16       The court **RECOMMENDS** that the district court **GRANT** Lehman's motion for default

17   judgment.  The court further **RECOMMENDS** that the district court **AWARD** Lehman $329,918.82

18   in repurchase price damages and $62,690.48 in prejudgment interest and order post-judgment interest

19   under 28 U.S.C. § 1961.

20       Any party may file objections to this Report and Recommendation with the district judge within

21   fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil

22   L.R. 72-3.  Failure to file an objection may waive the right to review of the issue in the district court.

23       Lehman is directed to serve a copy of this report and recommendation on Preferred Financial.

24       This disposes of ECF No. 9.

25   **IT IS SO RECOMMENDED.**

26   Dated: July 27, 2011

27                                                    _____

28                                                    LAUREL BEELER
                                                     United States Magistrate Judge

C 11-00838 LB
REPORT AND RECOMMENDATION                    7

UNITED STATES DISTRICT COURT
For the Northern District of California